Case: 3:13-cv-00722-bbc   Document #: 13   Filed: 03/04/14   Page 1 of 2

SHORT RECORD
Case: 14-1456   Document: 1-1   Filed: 02/28/2014   Pages: 3   (1 of 6)
Filed 2/28/2014
TRULINCS 06735090 - STADFELD, JACOB - Unit: OKL-E-A

------------------------------------------------------------

FROM: 06735090
TO:
SUBJECT: Appeal
DATE: 02/19/2014 08:42:31 AM

U.S.C.A. – 7th Circuit
RECEIVED

FEB 28 2014    EF

GINO J. AGNELLO
CLERK

------------------------------------------------------------

United States Court of Appeals
For the Seventh Circuit

Jacob Stadfeld, Appellant

v.                                          13-cv-722-bbc
                                            08-cr-138-bbc
United States of America, Appelle

------------------------------------------------------------

AND NOW, Comes Jacob Stadfeld, appearing pro se, motioning this court by way of appeal from the District Court's order dated February 11, 2014, denying any further requests for continuances.

BACKGROUND

On October 14, 2013, Appellant timely filed his motion to correct, set aside, or vacate his sentence under Title 28 U.S.C.S. 2255 in the Western District of Wisconsin District Court. The District Court promptly ordered the Government to file a brief in response to Appellant's motion and gave a 10-day time frame to file. The Government subsequently filed it's first request for a continuance and enlargement of time and had asked for a 30 day extension because Appellant had 11 grounds claimed in his motion and brief in support of. The District Court granted the request allowing the Government a 30 day extension. The Government timely filed it's brief in opposition requesting that the motion be denied. The District Court then gave the Appellant the opportunity to file a Reply Brief in Response to the Government's Brief in Opposition.

On November 11, 2013, Appellant was placed in the Special Housing Unit at FCI Oxford. [It is important to note that Appellant was placed in the SHU "under investigation" less than a month after his 2255 motion was filed. Appellant spent almost a full 60 days in the SHU, never received an incident report and was immediately redesignated to a higher level security facility more than a 1000 miles away from his residence, deprived of his legal materials, and never received an incident report nor was ever officially accused of any misconduct by prison officials.]

On December 18, 2013, Appellant filed his first request for continuance and enlargement of time and asked the District Court for a 90 day enlargement of time due to the deprivation of his legal materials and transfer status. Prisoner's that are in transfer are always without their personal property including legal materials. The prison mail system (especially in FTC Oklahoma City has very limited mailing restrictions.) The District Court granted and allowed a 60 day extension, effectively making the deadline for filing the brief in reply February 24, 2014.

On February 10, 2014, after being housed at the FTC Oklahoma City transfer center for nearly a month, and having no idea if he will be held there for one more day or three more months and realizing that even once at his new designated facility (FCI Englewood) that property including legal materials is usually withheld and not handed out for several weeks, Appellant filed his second motion for an extension of time and asked the District Court for an additional 30 day extension and notified the Court of his status in transfer and advised that he may need to file an additional request for time if he happens to still be in transfer status closer to the new deadline. The District Court promptly granted his request for a 30 day extension of time making the new deadline to file his brief in reply, March 24, 2014, but specifically stated and ordered that this would be the last request granted for an extension.

Appellant wishes to appeal this order in part, claiming the District Court abused it's discretion by ordering that no more extensions of time be granted despite Appellant's transfer status and deprivation of necessary legal materials needed to complete his reply brief effectively. An Appellant court reviews the District Court's denial of a motion to continue for abuse of discretion and actual prejudice. To prevail on a claim that the District Court erred by denying a continuance a defendant must show that the court abused it's discretion based on it's consideration of a range of nonexhautive factors. Appellant wishes to address these factors in turn.

TRULINCS 06735090 - STADFELD, JACOB - Unit: OKL-E-A

------------------------------------------------------------------------------------------------

1.) AMOUNT OF TIME AVAILABLE FOR PREPARATION: Appellant's legal materials were confiscated by prison officials shortly after he filed his instant 2255 motion. Appellant has been either in the SHU or in transfer status without the benefit of his legal materials since then and has had no time to review or prepare his reply brief with said legal materials present.

2.) THE LIKELIHOOD OF PREJUDICE FROM DENIAL OF THE CONTINUANCE: Appellant cannot effectively respond to the Government's Brief in Opposition without being able to refer to the original 2255 motion, the Government's brief itself, as well as the case and research notes contained within his legal property. Appellant will suffer extreme prejudice as a result of being required to file his reply brief absent his legal materials.

3.) THE DEFENDANT'S ROLE IN SHORTENING THE EFFECTIVE PREPARATION TIME: Appellant has been in the SHU or in transfer status since roughly three weeks after filing the instant 2255 motion. Appellant has no control over his housing status, transfer status, or availability of his legal materials. Appellant has had no role in shortening the effective preparation time.

4.) THE DEGREE OF COMPLEXITY OF THE CASE: Appellant's instant 2255 motion was 47 pages representing some 11 claims and issues. The Government requested an extension of time to reply due to the voluminous nature of the motion. The Government's Brief in Opposition was 20 pages and addressed at least 5 issues for which Appellant feels a necessity to reply.

5.) THE LIKELIHOOD THAT THE CONTINUANCE WOULD HAVE SATISFIED MOVANT'S NEEDS: Appellant simply asks that he be given a small period of time AFTER he regains access to his legal materials. Due to the unknowing nature of this time period, Appellant simply notified the District Court of his possible need to request an additional extension, to which the District Court firmly denied.

6.) THE INCONVENIENCE TO THE DISTRICT COURT IN LIGHT OF PENDING CASE LOAD: Appellant's position is that he is only asking for an extension of time in which to file his brief effectively, once he receives his legal research materials. There is no evidentiary court hearing yet docketed or ordered therefore there should be no inconvenience to the District Court's pending case load.

Federal Rules of Civil Procedure 6(b)(1)(A) states in Extending Time: In general, when an act must be done within a specified time, the court may, for good cause, extend the time; (A) with or without motion or notice if the court acts, or if a request is made, before the original time or it's extension expires; or (B) on a motion made after the time has expired if the party failed to act because of excusable neglect. As of this date of his filing, Appellant still currently sits in the Federal Transfer Center in Oklahoma City, OK without any legal materials and a very limited access to the prison mailing system. Still without any knowledge of the exact waiting time once he arrives at FCI Englewood for his legal materials, Appellant claims that the District Court abused it's discretion by not allowing any additional extension of time. A court certainly may consider how last minute continuances and missed deadlines tread upon the rights of parties and the demands of a court's calendar. The key, however, is that these legitimate considerations must be balanced against the reasons in support of a motion for continuance. See United States v. Sellers, 645 F.3d 830 (7th Cir. 2010). Appellant has had no opportunity to diligently or effectively compose his reply brief. To establish that the District Court abused it's discretion, the Appellant must show that the denial was arbitrary and actual prejudice resulted. See United States v. Avery, 208 F.3d 597 (7th Cir. 1999). Appellant has proceeded to this point pro se, without the assistance of council. Appellant has been either in the SHU or in transfer status since shortly after filling the instant 2255 motion.

## CONCLUSION AND REQUEST FOR RELIEF

Appellant respectfully requests this Honorable Court of Appeals to vacate in part the District Court's order dated February 11, 2014, which denies any further requests for extension and remand with instructions that Appellant be given a reasonable amount of time to compose, finish, and file his reply brief once he reaches his new designated facility and has been given his legal materials. Appellant respectfully requests as additional 15 days once he is given access to his legal materials to file his reply brief.

Respectfully Submitted,

Jacob Stadfeld #06735-090
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189-8801